# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-926-R |
| ) | |
| JUSTIN JONES, OKLAHOMA ) | |
| BOARD OF CORRECTIONS, GENESE ) | |
| MCCOY, ERIC FRANKLIN, TERRY ) | |
| MARTIN, JODY JONES, REBECCA ) | |
| MAKER, and NADINE [KELLOGG], ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Michael A. Campbell, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636. The undersigned has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1). For the reasons set forth below, the undersigned recommends that the Court dismiss the Complaint (Doc. No. 1) to the extent that it (1) seeks monetary relief from Defendants in their official capacities, and (2) seeks prospective declaratory or injunctive relief from Defendants. The undersigned further recommends that the Court dismiss the Complaint as to Defendants Justin Jones, Genese McCoy, Eric Franklin, Terry Martin, and the Oklahoma Board of Corrections. Finally, the undersigned recommends that the Court

deny Plaintiff's motion for a temporary restraining order or preliminary injunction (Doc. No. 3).

## SUMMARY OF PLEADINGS

Mr. Campbell brings this lawsuit against eight Defendants in their individual and official capacities. Three Defendants are or were employees of the Oklahoma Department of Corrections ("ODOC"): Justin Jones, Director; Genese McCoy, Medical Services Administrator; and Eric Franklin, Deputy Director of Treatment and Rehabilitative Services. Compl. at 1-2. Four Defendants are or were employees of the R.B. "Dick" Conner Correctional Center ("DCCC"): Terry Martin, Warden; Jody Jones, Medical Administrator; Rebecca Maker, Nurse; and Nadine Kellogg, Nurse.[1] Compl. at 1, 3-4. Finally, Mr. Campbell names the Oklahoma Board of Corrections as a Defendant. Compl. at 2. This Board, statutorily created as the State Board of Corrections, governs the ODOC and consists of seven members appointed by the Governor with the Oklahoma Senate's advice and consent. Okla. Stat. tit. 57, §§ 503-504.

The claims of Mr. Campbell's three-count Complaint stem from events taking place from approximately December 30, 2012 through January 22, 2013, beginning with the alleged failure of one or more Defendants to replace Mr. Campbell's prescription blood pressure medication after it was lost in a flood at DCCC. Compl. at 9-19. Mr. Campbell alleges that he repeatedly requested the medication, as well as medical

---

[1] DCCC is a state-operated facility in Hominy, Oklahoma, under the ODOC's administrative direction and control. *See* Okla. Stat. tit. 57, § 509.

services, but did not receive either,[2] which caused him to suffer a stroke that resulted in hospitalization and lasting injuries. *E.g.*, Compl. at 7, 10-11, 13, 17. Mr. Campbell further alleges that, upon his return to DCCC after his hospitalization, one or more Defendants failed to adhere to his treating physician's instructions and for thirteen days failed to provide him with prescribed medications. Compl. at 11-12. Finally, Mr. Campbell contends that his attempts to exhaust his administrative remedies in connection with these events led to him being improperly placed on a twelve-month grievance restriction in March 2013. *See* Compl. at 19; Pl.'s Ex. 17, Doc. No. 1-3, at 15.

Mr. Campbell's factual contentions and legal claims, arising from the above-described events, involve only three Defendants: Maker, Kellogg, and Jody Jones. Mr. Campbell generally provides factual descriptions of these Defendants' alleged acts and failures to act with regards to his medical requests during the time period in question. *See* Compl. at 9-19. In Count I, Mr. Campbell contends that through their acts or failures to act, Defendants Maker, Kellogg, and Jody Jones demonstrated deliberate indifference to Mr. Campbell's serious medical needs, thereby violating his rights under the Eighth Amendment of the United States Constitution. Compl. at 9-16. In Counts II and III, Mr. Campbell further contends that Defendants Kellogg and Jody Jones, respectively, violated his Eighth and Fourteenth Amendment rights. Compl. at 17-19.

In his request for relief, Mr. Campbell contends that he has suffered "substantial damage to the left hemisphere of [his] brain, paraly[sis,] and nerve damage." Compl. at

---

[2] Mr. Campbell states that during the time period in question he was given one pill by Defendant Kellogg, but otherwise his medication, which he previously kept with him at all times, was not replaced. Compl. at 9, 10, 17.

3

22. Mr. Campbell seeks "declaratory and injunctive relief in the form of an order requiring the defendants to provide adequate medical care, and compensatory and punitive monetary damages in the amount of $2,000,000.00." Compl. at 22. Mr. Campbell seeks this relief from "all defendants." Compl. at 8.

ANALYSIS

The Court must review each complaint in which a prisoner seeks redress against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court likewise must review each case brought by a prisoner with respect to prison conditions. 42 U.S.C. § 1997e(c)(1). The Court is required to dismiss the complaint or any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*; 28 U.S.C. § 1915A(b).

To state a claim upon which relief may be granted, a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a

4

complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.* at 679; *see also Gee v. Pacheco*, 627 F.3d 1178, 1184-85 (10th Cir. 2010) (discussing *Iqbal*).[3]

While the Court construes a pro se litigant's pleadings liberally, all parties must adhere to applicable rules of procedure. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A. Plaintiff's Claim Against the Oklahoma Board of Corrections Is Barred by Eleventh Amendment Immunity, as Are Plaintiff's Official-Capacity Claims for Monetary Damages Against Employees of the ODOC and DCCC.

Pursuant to the doctrine of sovereign immunity, as adopted in the Eleventh Amendment, a federal court may not hear a claim brought by a private citizen against a U.S. state unless the state consents to suit or Congress unequivocally abrogates the state's

---

[3] Discussing the implications of *Iqbal*, the Tenth Circuit emphasized:

> Nowhere in the law does context have greater relevance to the validity of a claim than prisoner civil-rights claims. Prisons are a unique environment, and the Supreme Court has repeatedly recognized that the role of the Constitution within their walls is quite limited. Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison. Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts. For example, . . . a prisoner claim may not be plausible unless it alleges facts that explain why the usual justifications for the complained-of acts do not apply.

*Gee*, 627 F.3d at 1185.

immunity. U.S. Const. amend. XI; *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-55 (1996). The State of Oklahoma has not waived Eleventh Amendment immunity against § 1983 claims in federal court. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). Nor has Congress abrogated state immunity in any way pertinent to Plaintiff's § 1983 claims. *See*, *e.g.*, *Quern v. Jordan*, 440 U.S. 332, 342, 345 (1979).

This immunity extends beyond states to state agencies. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). State agencies entitled to assert Eleventh Amendment immunity are those considered "an arm of the state." *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). Here, although not named as a defendant, the relevant state agency is the ODOC because all Defendants are associated with that agency in the context of this lawsuit. The Tenth Circuit has stated that it considers the ODOC an arm of the State of Oklahoma.[4] *See Eastwood v. Dep't of Corr. of State of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988) (agreeing with party's concession that ODOC was entitled to Eleventh Amendment immunity as an arm of the state). Thus, pursuant to the Eleventh Amendment and the stated view of the Tenth Circuit, the ODOC is protected from suit in federal court by Eleventh Amendment immunity. *See also Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765-66 (2002) (reiterating that sovereign immunity from suit applies regardless of relief sought); *ANR Pipeline Co. v.*

---

[4] A defendant's status as an arm of the state is a question of federal law, but courts make this determination by analyzing the "nature of the entity created by state law." *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (internal quotation marks omitted). The ODOC's powers, budgetary responsibilities, and funding establish that it is an arm of the State of Oklahoma. *See* Okla. Stat. tit. 57, §§ 502, 509; Act of May 20, 2013, ch. 313, §§ 100-102, 2013 Okla. Sess. Law Serv. 1585 (West); Okla. Stat. tit. 62, §§ 34.42, 34.50, 34.51, 34.52, 34.57.

*Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *abrogated on other grounds as recognized in Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007).

Accordingly, the Oklahoma Board of Corrections, as part of the ODOC,[5] is immune from suit. *See* Okla. Stat. tit. 57, §§ 505, 503. Mr. Campbell's claim against Defendant Board of Corrections should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(2), (1); 42 U.S.C. § 1997e(c)(1).

Further, the individual Defendants who are employees of the ODOC and DCCC are partially protected by Eleventh Amendment immunity. A suit seeking recovery of money damages from a state official in his or her official capacity is the equivalent of a suit against the state itself. *See Edelman*, 415 U.S. at 663 (recognizing application of Eleventh Amendment immunity to official-capacity claim for money damages against state official). Defendants Justin Jones, McCoy, and Franklin are being sued in their official capacities as employees of the ODOC. Similarly, Defendants Martin, Jody Jones, Maker, and Kellogg are being sued in their official capacities as employees of DCCC.[6]

---

[5] Through the Board of Corrections, the ODOC's departmental operational policies are established, contractual obligations are created on the ODOC's behalf, and the institutions under the ODOC's jurisdiction are established and maintained. Okla. Stat. tit. 57, § 504(b)(1), (2), (7); *see also id.* §§ 503 (detailing Board's creation and composition), 505 (subjecting certain departmental expansions to Board approval).

[6] The DCCC, as an institution operated by the ODOC, shares in the ODOC's Eleventh Amendment immunity. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (citing *Edelman* and *Eastwood* in holding that Oklahoma State Penitentiary, an institution operated by the ODOC, was shielded by Eleventh Amendment immunity); *see also* Okla. Stat. tit. 57, §§ 509, 502 (indicating ODOC has "jurisdiction and control" over state penal institutions); Okla. Dep't of Corr., FY 2014 Initial Budget Work Program 1 (2013) (allocating over $13 million in ODOC agency budget to annual DCCC operational expenses).

Mr. Campbell's claims seeking monetary damages from these Defendants in their official capacities should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(2); 42 U.S.C. § 1997e(c)(1); *see also U.S. ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008) (noting a court is permitted to raise issue of Eleventh Amendment immunity sua sponte).[7]

### B. Certain of Plaintiff's Claims Fail to State a Claim on Which Relief May be Granted

As stated above, Mr. Campbell's claim against the Board of Corrections is barred by Eleventh Amendment immunity, as are his claims against the individual defendants to the extent Mr. Campbell seeks monetary damages and the defendants are named in their official capacities. This leaves two reasonable possibilities for viable claims: (1) claims seeking prospective declaratory or injunctive relief; and (2) claims asserted against the individual defendants in their individual capacities.

The undersigned has examined Plaintiff's attempts to state such claims in accordance with the standard of review set forth above and the requisite elements of a claim under 42 U.S.C. § 1983. The facts alleged in Plaintiff's federal civil rights

---

[7] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the violation of a federal right that is the subject of the claim "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983" and, accordingly, is "not subject to suit under § 1983 in either federal court or state court." *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989)). Thus, the undersigned's recommendation regarding the extent of Defendants' Eleventh Amendment immunity would mean, by extension, that Mr. Campbell's claims seeking monetary relief from Defendants in their official capacities *also* should be dismissed for failure to state a claim because Defendants do not satisfy the "person" requirement of § 1983.

complaint must be sufficient to support each of the elements of a § 1983 claim. These elements include both (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1. Claims Seeking Declaratory or Injunctive Relief

Although Eleventh Amendment immunity precludes Mr. Campbell from seeking monetary relief from Defendants in their official capacities, it does not preclude him from seeking prospective declaratory relief or prospective injunctive relief from the individual defendants sued in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (discussing doctrine of *Ex parte Young*, 209 U.S. 123 (1908)); *see also Alden v. Maine*, 527 U.S. 706, 747 (1999) (noting, the Eleventh Amendment notwithstanding, "certain suits for declaratory or injunctive relief against state officers must therefore be permitted if the Constitution is to remain the supreme law of the land"). Such immunity also does not preclude Mr. Campbell from seeking prospective declaratory relief or prospective injunctive relief from the individual defendants sued in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

Broadly construed, Mr. Campbell asserts a claim for prospective declaratory and injunctive relief requiring Defendants Maker, Kellogg, and Jody Jones to provide him adequate medical care. *See* Compl. at 22. To determine whether this claim for relief is adequately pled, the undersigned must conduct a "straightforward inquiry" as to whether Mr. Campbell in his Complaint: (1) "seeks relief properly characterized as prospective,"

and (2) "alleges an ongoing violation of federal law." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotation marks omitted).[8]

As to the first requirement, Mr. Campbell states that he seeks "declaratory and injunctive relief in the form of an order requiring the defendants to provide adequate medical care." Compl. at 22. Although minimal, this statement is a request for prospective relief. As to the second requirement, however, Mr. Campbell does not reasonably allege an ongoing violation of federal law. Mr. Campbell provides numerous factual details, including dates and descriptions, regarding his circumstances in December 2012 and January 2013—the period when he alleges he was deprived of prescription medications and medical treatment. Compl. at 9-12. Mr. Campbell indicates that the situation was resolved on or about January 22, 2013, when he received his prescribed medications. *See* Compl. at 11-12. In his twenty-two-page Complaint, Mr. Campbell makes only one reference to conduct that reasonably may be construed as alleging an ongoing violation of federal law:

> [Plaintiff] now regularly experiences nervous tics, spasms, bouts of forgetfulness, muscle twitches, dizziness, for all of which he submits sick call slips, but, as before, the requests go unheeded, unresponded to and ignored, which is the reason Plaintiff beseeches this court to issue an injunction to restrain

---

[8] The purpose of this inquiry is to test whether a plaintiff is asking a federal court to issue a prospective declaratory or injunctive order, as required to fall within the exception to Eleventh Amendment immunity established in *Ex parte Young*, 209 U.S. at 159-160. That inquiry, strictly speaking, only applies in the context of Mr. Campbell's official-capacity claims against state officials because it is only for those claims that Eleventh Amendment immunity is a concern. However, the same questions provide a useful framework for evaluating whether Mr. Campbell has alleged, for purposes of any of his claims, adequate facts to support a request for prospective declaratory or injunctive relief.

10

>these acts which the court esteems contrary to equity and good conscience.

Compl. at 13. This statement is contained within a section of Count I in which Mr. Campbell alleges that Defendants Maker, Kellogg, and Jody Jones "demonstrated deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution." Compl. at 9.[9]

Under the Constitution's Eighth Amendment, prisoners may not be subjected to "unnecessary and wanton infliction of pain," which includes "deliberate indifference to [their] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted). "Deliberate indifference" involves both an objective and a subjective component, and facts must be alleged establishing each component to avoid dismissal of the claim. To meet the objective component, a plaintiff must allege facts to establish that the deprivation of rights relates to a serious medical need, i.e., "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (internal quotation marks omitted). To meet the subjective component, a plaintiff must allege facts to establish that the defendant is "act[ing] or fail[ing] to act despite his knowledge of a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

---

[9] Concurrently with his Complaint, Mr. Campbell filed a motion for a temporary restraining order or preliminary injunction (Doc. No. 3), providing similarly limited factual details regarding any alleged ongoing violations. The undersigned addresses this motion herein, recommending that it be denied.

Mr. Campbell states that he "regularly experiences nervous tics, spasms, bouts of forgetfulness, muscle twitches, [and] dizziness." Compl. at 13. It is questionable whether any of these conditions satisfy the objective component for a deliberate indifference claim. Regardless, Mr. Campbell's further assertion – that "he submits sick call slips, but, as before, the requests go unheeded, unresponded to and ignored," *id.* – is insufficient to satisfy the subjective component, i.e., to support an inference that Defendants Maker, Kellogg, and Jody Jones are, on an ongoing basis, improperly acting or failing to act despite *knowledge* of a substantial risk of serious harm to Mr. Campbell. To establish "more than a sheer possibility" that these Defendants are violating his Eighth Amendment rights on an ongoing basis, *see Iqbal*, 556 U.S. at 678, Mr. Campbell would have to allege facts concerning what particular Defendants know about an ongoing violation and what actions they are or are not taking. This he fails to do.

Thus, the claims asserted by Mr. Campbell seeking prospective declaratory or injunctive relief from Defendants Maker, Kellogg, or Jody Jones should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). Further, because no specific allegations appear in the Complaint to support any entitlement to prospective relief from the remaining Defendants – Justin Jones, Genese McCoy, Eric Franklin, and Terry Martin – any claims against those Defendants for prospective declaratory or injunctive relief also should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

2. Individual-Capacity Claims Against the Individual Defendants

In stating a claim for relief under 42 U.S.C. § 1983, a plaintiff must, for each defendant, allege facts that plausibly establish a causal connection between that defendant and the alleged violation of federal rights. If a defendant is sued in his or her individual capacity under § 1983, the plaintiff must allege facts to establish the defendant's "personal involvement or participation" in the violation of federal rights. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).

In his three-count Complaint, Mr. Campbell alleges facts to establish only three Defendants' personal participation in the alleged violation of his federal rights. Specifically, Mr. Campbell presents factual details in support of his assertions that Defendants Maker, Kellogg, and Jody Jones violated his rights under the Eighth Amendment and that Defendants Kellogg and Jody Jones violated his rights under the Fourteenth Amendment. *See* Compl. at 9-19.

As for the remaining Defendants, Mr. Campbell generally describes each of them as supervisors of Defendants Maker, Kellogg, or Jody Jones, but he does not allege any facts to establish their personal participation in the alleged violation of his federal rights. *See id.* at 1-3, 9-19. For instance, Mr. Campbell describes Defendant Martin's role as DCCC Warden and contends that he "had personal involvement in the issues giving rise to the plaintiff's claim." *Id.* at 3. Insofar as acts of personal involvement, however, Mr. Campbell makes no mention of Mr. Martin other than noting that he filed a grievance with Mr. Martin on February 12, 2013. *See id.* at 7, 20. Similarly, for Defendants Justin Jones and Eric Franklin, Mr. Campbell simply provides job descriptions, making no

further mention of these Defendants in the Complaint. *See id.* 1-3. Finally, Mr. Campbell states Defendant McCoy "had personal involvement in the issue arising to these claims" but provides no facts supporting that conclusion. *See id.* at 2.

It is insufficient to contend that a defendant is liable simply because that defendant served in a supervisory role. *See Dodds v. Richardson*, 614 F.3d 1185, 1194-1202 (10th Cir. 2010). In his Complaint, Mr. Campbell at best states a bare legal conclusion that Defendants Martin, McCoy, Justin Jones, and Franklin personally participated in a violation of his federal rights, which is not enough to state a claim on which relief can be granted. *See Iqbal*, 556 U.S. at 679. Accordingly, lacking the necessary factual support, Mr. Campbell's individual-capacity claims against those Defendants should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

### C. *Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction*

Concurrently with his Complaint, Mr. Campbell filed a "Motion for Injunctive Relief and Issuance of a Temporary Order" (Doc. No. 3), alleging "an ongoing constitutional infringement." Mr. Campbell seeks a ninety-day

> temporary or preliminary injunction against the treatment or lack of medical care being given [Plaintiff] (or really what . . . is the lack of medical care which Mr. Campbell endures), so as to prevent medical services from any further irreparable injury due to wantonness and that [Plaintiff] has endured suffering and pain for many days that did not serve any penological purpose.

Mot. for Inj., Doc. No. 3, at 2, ¶ 3 (footnote and internal quotation marks omitted).

Mr. Campbell reiterates the factual details in his Complaint and incorporates the Complaint by reference, phrasing the bulk of his motion in the past tense. As noted

above, aside from a grievance restriction issued in March 2013, the events in the Complaint vis-à-vis Mr. Campbell's medical condition are alleged to have taken place in December 2012 and January 2013, ending when he received his medication on January 22, 2013. *See* Compl. at 9-12; Mot. for Inj. at 2.

As in his Complaint, Mr. Campbell provides scant factual details to support his assertion that a constitutional violation is ongoing. Mr. Campbell makes conclusory statements such as "a 'misuse of power[]' continues today" and, as quoted above, that he is seeking an injunction based on the "lack of medical care . . . [he] endures." Mot. for Inj. at 2, ¶¶ 5, 3. In explaining the "reason for this request," Mr. Campbell again describes the past failure of one or more Defendants to provide him with his prescribed medication after his hospitalization in January 2013 – this time asserting he was "ignored and wholly disregarded for over three (3) weeks after returning from the hospital."[10] *Id.* at 2, ¶ 5. Mr. Campbell then states:

> Therein, due to this []reckless disregard and callousness being exhibited by medically trained professionals acting under color of state law, . . . still continuing today[,] [i]t is humbly beseeched that the Court issue an order to ODOC state entity (medical services) that would cause this disregard and refusal of medical treatment and dispensation of medicines as prescribed, be put to a halt.

*Id.* at 3, ¶ 5.

In short, Mr. Campbell expresses concern that he may again be deprived of medical services, but – other than noting that he must seek medical services from one or

---

[10] In his Complaint, Mr. Campbell contends that he did not receive his medication for thirteen days after returning from the hospital, and he provides dates for both these events that are thirteen days apart. Compl. at 11-12, 18.

more Defendants – he cites no specific recent or ongoing circumstances. *See id.* at 3, ¶ 5.[11] Indeed, the clearest factual evidence regarding the existence of an ongoing violation is an exhibit attached to Mr. Campbell's Complaint, which indicates that at least as of July 2013 he was not being wholly deprived of medical services. *See* Pl.'s Ex. 22, Doc. No. 1-3, at 22.[12]

Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *see also Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Here, Mr. Campbell has not established a likelihood of success on the merits as to his claims for injunctive relief because he has failed to allege sufficient facts to establish that a constitutional violation is ongoing, and, as further detailed above, the undersigned

---

[11] Mr. Campbell further expresses concern that this order is necessary to "prohibit[] the ODOC from retribution, retaliation, or punishing the Plaintiff by shipping, transferring, or relocating him to another of the state's many facilities." Mot. for Inj. at 3, ¶ 7. This speculative conclusion does not justify the imposition of an extraordinary remedy.

[12] This exhibit, a Request for Health Services dated July 3, 2013, and marked received by Health Services on July 5, 2013, shows that Mr. Campbell requested medical services for "numbing of finger tips & discolorization [sic] of finger tips with cold & tingly sensation; nausea, upset stomach & sweating." Pl.'s Ex. 22, Doc. No. 1-3, at 22 (capitalization altered). The exhibit indicates that Mr. Campbell was then "scheduled [for the] next available date with the provider . . . 7-9-13" and appears to have been signed by Defendant Maker. *Id.*

is recommending dismissal of those claims. Moreover, Mr. Campbell does not allege sufficient facts to infer, much less present evidence to establish, that he will suffer imminent irreparable harm absent an injunction. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (requiring irreparable harm to be imminent and great, not "merely serious or substantial" (internal quotation marks omitted)); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (discussing irreparable harm standards).

As the first two requirements for preliminary relief have not been met, the undersigned need not consider the remaining requirements. Moreover, in his motion, Mr. Campbell states that the injunction he seeks would be against the ODOC, which is not named as a defendant and in any event would be immune from suit under the Eleventh Amendment. Mr. Campbell's Motion for Injunctive Relief and Issuance of a Temporary Order (Doc. No. 3) should be denied.[13]

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

---

[13] In addition to not having met the substantive requirements for a temporary restraining order or preliminary injunction, Mr. Campbell has not met the procedural requirements for the same. For instance, as for a temporary restraining order, Mr. Campbell has not provided "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." *See* Fed. R. Civ. P. 65(b). Additionally, Mr. Campbell makes no mention of any efforts to notify the ODOC, or any Defendant, of his request for preliminary injunctive relief or of why such notice should not be required. *See* Fed. R. Civ. P. 65(a), (b).

(1) Plaintiff's claim, in its entirety, against Defendant Board of Corrections be dismissed without prejudice as a result of Eleventh Amendment immunity;[14]

(2) Plaintiff's official-capacity claims seeking monetary relief from Defendants Justin Jones, Genese McCoy, Eric Franklin, Terry Martin, Jody Jones, Rebecca Maker, and Nadine Kellogg be dismissed without prejudice as a result of Eleventh Amendment immunity;

(3) Plaintiff's official-capacity and individual-capacity claims seeking prospective declaratory and injunctive relief from Defendants Justin Jones, Genese McCoy, Eric Franklin, Terry Martin, Jody Jones, Rebecca Maker, and Nadine Kellogg be dismissed for failure to state a claim on which relief may be granted;

(4) Plaintiff's individual-capacity claims seeking monetary relief from Defendants Justin Jones, Genese McCoy, Eric Franklin, and Terry Martin be dismissed for failure to state a claim on which relief may be granted; and

(5) Plaintiff's Motion for Injunctive Relief and Issuance of a Temporary Order (Doc. No. 3) be denied.

Regarding the claims described in Paragraphs (3) and (4), the undersigned recommends that the dismissal be without prejudice and Mr. Campbell granted leave to file an amended complaint to address the deficiencies set forth above. *See Perkins v.*

---

[14] To the extent that the Complaint could be construed as attempting to sue the individual members of the Board of Corrections, as opposed to the Board as an entity, such claims would be subject to dismissal for the same reasons outlined in the subsequent paragraphs – Paragraphs 2, 3, and 4 – recommending dismissal of claims against other Defendants. In the Complaint, Mr. Campbell does not mention the Board of Corrections beyond providing a description of its function within the ODOC. *See* Compl. at 2.

*Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). It is possible that Plaintiff could cure the deficiencies in such claims through additional allegations regarding an ongoing violation of Plaintiff's federal rights by Defendants and/or Defendants' personal participation in a past or ongoing violation. Deficiencies in the Complaint based on Defendants' Eleventh Amendment immunity cannot be cured through amendment and, thus, leave to file an amended complaint is not recommended as to any claims dismissed on that ground.

If this recommendation is adopted, the case at minimum will go forward on Plaintiff's claims for monetary damages against Defendants Jody Jones, Rebecca Maker, and Nadine Kellogg, in their individual capacities.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 11, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 21st day of January, 2014.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE