# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CIV-13-926-R |
| | ) | |
| JODY JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff filed this action alleging violation of his civil rights pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Charles B. Goodwin for preliminary review. On March 31, 2015, Judge Goodwin issued a Report and Recommendation wherein he recommended that the motion to dismiss filed by Defendant Jones be granted and that the motion to dismiss filed by Defendants Maker and Kellogg be denied. The matter is currently before the Court on timely objections of the Plaintiff and Defendants Kellogg and Maker, which gives rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which specific objection has been made. The Court has conducted such review and finds as follows.

The official capacity claims raised by Plaintiff in his original complaint were previously dismissed by the Court. Plaintiff, having been given leave to amend, reasserted those claims. Those claims, however, cannot, for the reasons set forth in the Report and Recommendation, proceed. As such, Plaintiff's contention in the objection that he has stated

an official capacity claim against Defendant Jones, or any Defendant, is incorrect and provides no basis for rejection of the Report and Recommendation.

With regard to Plaintiff's individual capacity claim against Defendant Jones, Judge Goodwin also recommended the motion to dismiss be granted, and Plaintiff again objects. Plaintiff contends that he sufficiently alleged an Eighth Amendment deliberate indifference claim against Jones, the Dick Conner Health Services Administrator, because he alleged that she was instructed by his non-prison treating physician to monitor Plaintiff's blood pressure daily and to follow up with a physician weekly for three weeks, and that she failed to adhere to these instructions or to ensure the instructions were followed.

In recommending dismissal Judge Goodwin assumed that Plaintiff's allegation that Defendant Jones received the treating physician's discharge instructions and failed to ensure compliance therewith was true. He concluded, however, that the Amended Complaint lacked allegations that Defendant Jones "had any knowledge regarding whether Mr. Campbell's medical needs were . . . not being met . . . between the date of Mr. Campbell's return and the date he alleges he received his prescriptions (January 22, 2013)." Report and Recommendation, p. 24. The Court disagrees with Judge Goodwin's conclusion that Plaintiff has failed to state a claim and that dismissal of the Eighth Amendment claim against Defendant Jones in her individual capacity is appropriate.

Defendant Jones is characterized as the Medical Services Administrator for the Dick Connor Correctional Facility. As alleged by Plaintiff, she is charged by policy with ensuring that inmates receive their requisite medical care. Plaintiff further alleges that upon his

discharge, his treating physician instructed Ms. Jones that Plaintiff's blood pressure should be checked daily and he should be seen by a doctor at least once per week for the first three weeks following his discharge, neither of which occurred. The Court finds that Ms. Jones, as the person receiving the discharge instructions on behalf of the facility and as the facility employee charged with ensuring access to medical care, had the affirmative obligation to ensure that the discharge instructions were followed. Plaintiff was not required to request that Ms. Jones comply with the doctor's orders. Although Plaintiff may not ultimately prevail on his Eighth Amendment claim against Defendant Jones, the Court finds that Plaintiff has sufficiently alleged facts in support of his contentions, and therefore, the Report and Recommendation is rejected with regard to the individual capacity Eighth Amendment claim against Defendant Jones.

Defendants Kellogg and Maker also filed objections to the Report and Recommendation. They argue that Plaintiff failed to follow the proper procedure to obtain medical care, that the result reached by the Report and Recommendation has far-reaching negative consequences, that they are entitled to qualified immunity and that it is clear that Plaintiff failed to exhaust. The Court has reviewed each of these arguments, and finds nothing persuasive therein so as to support rejection of the Report and Recommendation.

Defendants contend Plaintiff failed to follow the proper procedures to obtain medical care. According to the attachments to the Amended Complaint, however, Plaintiff asserts that he sought medical care by filing a Request for Health Services on January 2, 2013 and was informed his blood pressure medicine, which had been ruined in a flood, was being replaced,

which did not occur prior to him suffering a stroke on January 6, 2013. The Court finds these allegations, and the potential consequences of the absence of blood pressure medication, as opposed to the sinus medication at issue in *Berry*, cited by Defendants are sufficient to avoid dismissal at this juncture.

Defendants also contend they are entitled to qualified immunity. Judge Goodwin analyzed the issue thoroughly and concluded Defendants were not entitled to dismissal on the basis of qualified immunity. Nothing in Defendants' objection leads the undersigned to conclude that the Report and Recommendation was in error in this regard.

Finally, Defendants contend that Plaintiff failed to exhaust his administrative remedies, and therefore the action should be dismissed. As noted by Judge Goodwin, failure to exhaust is an affirmative defense, therefore, Defendants bear the burden of proving that Plaintiff did not exhaust, and Plaintiff was not obliged to affirmatively plead exhaustion. Although Defendants contend the Court should assume based on Plaintiff's manner of pleading that he did not complete the grievance process, the Court concurs with Judge Goodwin, and determines that this is not the rare case in which it is clear from the face of the complaint that dismissal for non-exhaustion is warranted. Especially in light of the admonishment to district courts by the circuit that "courts are . . . obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aguila-Avellaveda v. Terrell*, 478 F.3d 1223 (Kan. 2007). Although Defendants contend that Judge Goodwin erred in accepting factual assertions as true that were contradicted by documents attached to the complaint, the Court, like Judge Goodwin, is unwilling to assume

that Plaintiff necessarily stated all relevant facts or supported all relevant documents in support of his complaint so as to plead exhaustion. Further, Defendants informed Judge Goodwin they did not wish to have the motion to dismiss converted to a motion for summary judgment, which makes a thorough review of the evidentiary basis for dismissal on the basis of exhaustion impossible at this juncture.

For the reasons set forth herein, Defendants' motion to dismiss is hereby DENIED. The Report and Recommendation is adopted to the extent it is consistent with the above and rejected with regard to Judge Goodwin's conclusion that Defendant Jones should be dismissed from this action. Defendants' motion to dismiss is DENIED except with regard to Plaintiff's official capacity claims.

IT IS SO ORDERED this 30th day of June, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE