UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-926-R |
| | ) | |
| JODY JONES, | ) | |
| REBECCA MAKER, and | ) | |
| NADINE KELLOGG, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Michael A. Campbell, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). This matter is now before the Court on Plaintiff's Motion for Injunctive Relief (Doc. No. 45).

BACKGROUND

Mr. Campbell filed this civil action in August 2013, when he was incarcerated at the Dick Conner Correctional Center ("DCCC") in Hominy, Oklahoma. *See* Compl., Doc. No. 1, at 1. Mr. Campbell's current claims are against three Defendants in their individual capacities who are current or former employees of DCCC: Jody Jones, the DCCC Medical Administrator; Rebecca Maker, a registered nurse; and Nadine Kellogg, a licensed practical nurse. *See* Am. Compl., Doc. No. 16, at 1-2; Order, Doc. No. 38, at 1-2, 5 (dismissing official-capacity claims against Defendants).

Mr. Campbell's claims stem from events occurring from approximately December 30, 2012, through January 22, 2013, beginning with the alleged failure of one or more Defendants to replace Mr. Campbell's prescription blood pressure medication after it was lost in a flood at DCCC. Am. Compl. at 8-9. In general, Mr. Campbell alleges that, despite his repeated requests for the medication and his deteriorating health, Defendants failed to provide medical care, causing Mr. Campbell to suffer a stroke that resulted in hospitalization and lasting injuries. *See, e.g.*, *id.* at 8-9. Mr. Campbell further alleges that, upon his return to DCCC after his hospitalization, one or more Defendants failed to adhere to his treating physician's instructions and for thirteen days failed to provide him with prescribed medications. *See id.* at 9-10. For his alleged injuries, Mr. Campbell seeks monetary relief from "all defendants." *See id.* at 6, 20.[1]

In January 2015, Mr. Campbell was transferred to the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. *See* Pl.'s Notice of Change of Address, Doc. No. 32. On July 27, 2015, Mr. Campbell filed a "Motion for Injunctive Relief," seeking an order for his transfer to a medium security facility. Pl.'s Mot., Doc. No. 45, at 3. In support of that request, Mr. Campbell states that he "is classified medium security," "has never been classified maximum security," but is currently confined "in a maximum security facility for no penological purpose." Pl.'s Mot. at 1, 3. Mr. Campbell then alleges that certain

---

[1] Mr. Campbell's claims for prospective declaratory and injunctive relief, *see* Am. Compl. at 20, have been dismissed. *See* R. & R., Doc. No. 35, at 34-35, *adopted*, Order, Doc. No. 38; *see also* Order, Doc. No. 15.

conditions associated with this maximum security level of confinement are affecting his health and his access to legal resources. Pl.'s Mot. at 1-3.

Specifically, Mr. Campbell states that he has "no air conditioner" and cites a July 17, 2015 Interoffice Memorandum from the OSP Warden that discusses OSP's "current issues with the air conditioning units on E-1 and C Unit." *Id.* at 2; Pl.'s Mot. Ex. 1, Doc. No. 45-1, at 1 (memorandum outlining OSP's plan to repair the air conditioning units "as expeditiously as possible" and to reduce heat exposure). Mr. Campbell states that his cell, where "he's confined 24 hrs. daily" "is a constant 96° F," "according to staff who monitor[] it every 2 hrs." Pl.'s Mot. at 2. Mr. Campbell asserts that even when the air conditioning unit is functioning, "there's improper air circulation" due to an obstruction in his cell's vent. *Id.*

Mr. Campbell states that on July 17, 2015, "his blood pressure was above normal and his oxygen intake was below normal," as assessed by a nurse. *Id.* Mr. Campbell thus contends that "[a]s a post stroke patient under chronic care, [he] is in imminent danger of a second stroke, due to the excessive heat he's enduring in maximum security." *See id.* at 1-2; *see also id.* at 2 (asserting that "heat condition places Plaintiff in imminent danger of another stroke").

Mr. Campbell also asserts that due to his maximum security confinement he "has virtually no access to the use of law library reference materials [and] legal assistance." *See id.* at 2. Mr. Campbell explains that his "only access" to legal resources is through an internal mail system, "which law library personnel[] rarely respond to." *See id.*; *see also*

*id.* at 2-3 (alleging that "never do legal aids come to prisoner[s'] cells" and that "facility considers law library a privilege and not a right").

## ANALYSIS

The Defendants in this lawsuit are all current or former DCCC employees who are sued in their individual capacities only. Thus, none of these persons would have the authority to act upon Mr. Campbell's request that he be transferred from his current facility, OSP, to a medium security facility, even if such relief were proper. Correspondingly, Mr. Campbell's request for an injunction is beyond the scope of the claims in this lawsuit, which involve events that allegedly occurred at DCCC in late 2012 through early 2013. That is, aside from the common underlying fact of an alleged prior stroke, Mr. Campbell's request for injunctive relief bears no factual relation to the claims before the Court in this lawsuit. "The Court may not enter a preliminary injunction when the movant seeks intermediate relief beyond the claims of the complaint." *Farris v. Frazier*, No. CIV-12-1099-W, 2014 WL 3749142, at *15-16 (W.D. Okla. July 29, 2014), *aff'd*, 599 F. App'x 851 (10th Cir. 2015); *cf. De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 220 (1945) (requiring preliminary injunctive relief to be of same character as that which may be finally granted). Further, there is no indication from the Motion that Plaintiff has attempted to notify the individuals against whom injunctive relief is being sought or that these individuals are otherwise aware of Plaintiff's request, as required for the Court to issue injunctive relief. *See* Pl.'s Mot.; Fed. R. Civ. P. 65(a)(1), (b)(1)(B).

For these reasons, Mr. Campbell's request for injunctive relief in the form of a transfer to a medium security facility should be denied. Acceptance of this disposition would not preclude Mr. Campbell from pursuing the same relief through other, separate administrative or judicial processes.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion for Injunctive Relief (Doc. No. 45) be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by August 20, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 30th day of July, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE